IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| 1-800 CONTACTS, INC. d/b/a GLASSES.COM, a Delaware corporation and Utah d/b/a,<br><br>                  Plaintiff,<br><br>v.<br><br>DITTO TECHNOLOGIES, INC. a California corporation,<br><br>                  Defendant. | **STIPULATED PROTECTIVE ORDER REGARDING SOURCE CODE**<br><br>Judge: David O. Nuffer<br>Magistrate Judge: Dustin B. Pead<br><br>Case No. 2:13-cv-00145 |

Pursuant to the parties' Joint Motion for Entry of Stipulated Protective Order Regarding Source Code ("Joint Motion"), and good cause appearing, the Court grants the Joint Motion and enters the following Stipulated Protective Order Regarding Source Code. This Stipulated Protective Order Regarding Source Code supplements the Standard Protective Order applicable to this case. The parties are HEREBY ORDERED to comply with the following provisions regarding the production of source code in this matter:

**Disclosure and Protection of Source Code.** Source code designated by a producing party as "OUTSIDE COUNSEL'S EYES ONLY – SOURCE CODE" in this matter shall be subject to the following provisions:

    a.    The producing party shall produce the source code that is relevant to the claims and defenses in this case by making a copy of such source code available for remote, electronic review by the receiving party via an e-discovery provider of the producing party's choice. The copy of the source code shall be provided for remote electronic review in a format that is the same as or substantially similar to that in which it exists natively so that it can be reviewed in the same development

1

environment in which it was created.

b. Remote electronic access to the source code shall be granted by the producing party only to individuals qualified to review "CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY" designated material under the Standard Protective Order who have signed the undertaking provided in the Standard Protective Order and been properly disclosed.

c. At least one week prior to any qualified individual reviewing the code, the receiving party shall provide the producing party with the name and IP address of each qualified individual whom it wishes to have access to the code. The receiving party shall also certify in writing that only the qualified individuals properly disclosed to the producing party shall access the source code at the IP addresses provided. Remote electronic access to the source code shall be electronically restricted to access at those IP addresses.

d. No more than three IP addresses may be designated by the receiving party as portals where the code may be accessed by qualified individuals. Those IP addresses must belong to either: (i) a Technical Advisor who is a qualified individual and who has been properly disclosed under the Standard Protective Order; or (ii) the receiving party's outside counsel of record. In the event the receiving party reasonably believes that additional IP addresses should be permitted access to the code, it must meet and confer with the producing party.

e. The receiving party and all qualified reviewers of the receiving party who are granted remote electronic access to the source code shall not alter or attempt to alter the copy of the source code that is produced for remote electronic review.

f. The receiving party and all qualified reviewers of the receiving party who are granted remote electronic access to the source code shall not copy, print or attempt to copy or print the source code in any manner, including but not limited to editing, copy-and-pasting, printing, downloading, recording, clipping, photographing, re-typing, or taking screen shots of the source code.  The receiving party's qualified reviewers may take notes on the source code, but may not copy substantial portions of the source code into the notes.

g. The receiving party and all qualified reviewers of the receiving party who are granted remote electronic access to the source code shall not transmit or attempt to transmit the source code in any manner.  The review tool provided by the producing party to enable the receiving party to review the source code remotely and electronically will have all copying, printing and transmission features disabled, as if the source code was being reviewed on a non-networked computer.

h. When reasonably necessary for the preparation of court filings, pleadings or expert reports, the receiving party may request printed, paper copies of portions of the source code.  The receiving party may not request such copies for any other purpose, including for the purpose of providing an alternative to the review of source code as set forth herein.  Printed copies requested pursuant to this paragraph must be limited to 1,000 pages total and printed on paper including the language "OUTSIDE COUNSEL'S EYES ONLY – SOURCE CODE," as well as a mutually agreed upon production numbering format.

i. All printouts of source code pursuant to paragraph h above must be maintained in the sole custody and control of the receiving party's outside counsel of record.

        Printouts of such source code shall be maintained in a secured, locked area under the exclusive control of the receiving party's outside counsel of record.  Printouts of source code provided pursuant to paragraph h may not be copied, except for the sole purpose of preparing court filings, pleadings or expert reports.  To the extent printouts of source code provided pursuant to paragraph h are copied for the purpose of inclusion with court filings, pleadings or expert reports, such documents must be filed under seal pursuant to the Standard Protective Order.

j.    Upon reasonable request, the producing party shall make available at any deposition in this case a non-networked computer containing the source code in substantially the same form in which it was produced via electronic remote access.

k.    Any person who has reviewed the source code, including a receiving party's Technical Advisor who has been properly disclosed and approved pursuant to the Standard Protective Order, may not disclose the content of the source code to a person who is not authorized to access "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to the Protective Order.  For purposes of this restriction, "disclose" means communicating in any fashion, whether written or orally, the substance or content of the source code.  This provision does not prevent any person who has reviewed the source code from informing a person who is authorized to access "CONFIDENTIAL" information concerning his assessment of infringement.

l.    The receiving party must provide each qualified reviewer with a copy of this Stipulated Protective Order Regarding Source Code prior to that person's review

of any portion of the source code. Any Technical Advisor who is to be designated as a qualified reviewer must agree in writing that he or she will abide by all terms of this Order by signing the Acknowledgement attached hereto as Exhibit A.

DATED this 12th day of August, 2013.

BY THE COURT:

_____
Dustin Pead
U.S. Magistrate Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| 1-800 CONTACTS, INC. d/b/a GLASSES.COM, a Delaware corporation and Utah d/b/a,<br><br>                Plaintiff,<br><br>v.<br><br>DITTO TECHNOLOGIES, INC. a California corporation,<br><br>                Defendant. | **ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER REGARDING SOURCE CODE**<br><br>Judge: David O. Nuffer<br><br>Case No. 2:13-cv-00145 |

      I the undersigned have been retained by _____ to furnish technical or other expert services or to give testimony in this matter. I have executed the Disclosure Agreement appended to the Standard Protective Order, whereby I agreed to comply with and be bound by the terms of the Standard Protective Order applicable to this case. I acknowledge that I have read and understand the Stipulated Protective Order Regarding Source Code entered in the above-captioned matter. I agree to comply with all aspects of the Stipulated Protective Order Regarding Source Code and to be bound by that Order in every aspect, subject to the jurisdiction of the United States District Court for the District of Utah for purposes of its enforcement. I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

Signature: _____

Printed Name: _____